IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE J. MAUDLIN, JR.,** ) | |
| **Plaintiff,** ) | |
| vs. ) | **CIVIL ACTION NO. 08-0307-KD-C** |
| **JOHNNY KYNARD LOGGING, INC.,** ) **JOHNNY KYNARD** | |
| ) | |
| **Defendants.** | |

**ORDER**

This matter is before the Court on the following: plaintiff's motion to certify class and facilitate class notice (doc. 31); defendants' response in opposition thereto (doc. 34) and plaintiff's reply brief (doc. 35). Upon consideration and for the reasons set forth herein, plaintiff's motion is **GRANTED**, and this action is **CONDITIONALLY CERTIFIED** as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).[1] Accordingly,

---

[1] The Eleventh Circuit Court of Appeals recently described the intent of Congress in passing the FLSA:

> "The Fair Labor Standards Act was designed to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." "When Congress passed the FLSA ..., it sought to end the presence in American commerce of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." We have noted, however, that "[t]he goal of ameliorating the uglier side of a modern economy did not imply that all workers were equally needful of protection ... [and][s]o Congress removed any employee employed in a bona fide executive, administrative, or professional capacity ... or in the capacity of outside salesman from the FLSA's strictures."

Gregory v. First Title Of America, Inc., 2009 WL 175155, *7 (11th Cir., January 27, 2009)

defendants are **ORDERED** to produce a computer database containing the names and addresses of all employees who worked for JKL or Johnny Kynard in the past three years on or before **March 13, 2009**.

I.      Background

Plaintiff, Willie J. Maudlin, Jr., ("Maudlin") filed this opt-in collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)[2] ("FLSA") on June 5, 2008 against Johnny Kynard Logging, Inc. ("JKL").  Plaintiff filed an amended complaint on June 30, 2008 to include Johnny Kynard, individually, as a defendant.

Plaintiff and the opt-in plaintiffs are all current and/or former employees[3] of JKL and Johnny Kynard employed as loggers performing duties including cutting, gathering and delivering timber.  Plaintiffs allege, in sum, that the defendants willfully failed to pay them for hours worked in excess of forty (40) in a given work week in violation of the FLSA.  Defendants object to the conditional certification on the grounds, in sum, that plaintiff is not similarly situated to the other employees he wishes to represent and that plaintiff is unable to show the existence of a common factual or legal nexus between himself and the defendants' other employees.

II.     Statement of Law

Section 216(b) of the FLSA, provides that an action to recover unpaid minimum wage or overtime compensation "may be maintained against any employer ... in any Federal or State

---

[2] 29 U.S.C. § 216(b) authorizes courts to maintain a case as one collective action so long as the employee-plaintiffs are similarly situated.

[3] Plaintiffs allege that they worked for Johnny Kynard and JKL at some time(s) during the period from June 5, 2005 to the present.

court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b)[4]  The Eleventh Circuit Court of Appeals has sanctioned a two tiered procedure for determining whether to certify an opt-in class pursuant to 29 U.S.C. § 216(b).  See Anderson v. Cagle's, Inc., 488 F.3d 945 (11th Cir. 2007).  Recently, in Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233 (11th Cir. 2008) the Court reiterated the established procedure:

> The first step of whether a collective action should be certified is the notice stage. Here, a district court determines whether other similarly situated employees should be notified.  A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. We have described the standard for determining similarity, at this initial stage, as "not particularly stringent," "fairly lenient," "flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)".
> ...
> The second stage is triggered by an employer's motion for decertification. At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity.  This second stage is less lenient, and the plaintiff bears a heavier burden.

Id. at 1260-61.

At this juncture in the litigation, this court's focus is on the notice stage and accordingly, the analysis will be restricted to the first tier of the procedure.  "[A]t the initial [notice] stage the district court's decision to certify a class is based primarily on pleadings and affidavits," such that the court should adopt a "fairly lenient standard for determining whether the plaintiffs are truly similarly situated." Anderson, 488 F.3d at 953.  See also Hipp v. Liberty Nat'l Life Ins. Co., 252 F .3d 1208, 1218 (11th Cir.2001) (Because the court has minimal evidence, this [initial]

---

[4] "[I]n an FLSA action, a party plaintiff must opt into an action, whereas in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out". De Leon-Granados v. Eller and Sons Trees, Inc., 497 F.3d 1214, 1219 (11th Cir.2007)

determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class," such that "putative class members are given notice and the opportunity to opt-in" and the action proceeds as a representative action in discovery.) Plaintiffs must demonstrate a "reasonable basis for their claim of classwide discrimination." Id. at 1219 (citation omitted). However, it is well settled that the plaintiff's burden at this initial stage "is not heavy." Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir.1996). Plaintiffs may meet their burden "by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Id.

Thus, "[t]he key to starting the motors of a collective action is a showing that there is a similarly situated group of employees." Morgan v. Family Dollar Stores, Inc., 551 F.3d at 1259(citations omitted). Although the FLSA does not define the degree of similarity that must exist between employees before the case may proceed as a collective action, case law from the Eleventh Circuit provides some guidance. See Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1567 (11th Cir.1991); Grayson, 79 F.3d at 1086. In Dybach, the court opined that before facilitating notice, a "district court should satisfy itself that there are other employees ... who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." 942 F. 2d at 1567-68. In Grayson, the Court emphasized that the determination should focus on whether the employees are similarly situated rather than whether their positions are identical. 79 F. 3d at 1096. See also Anderson v. Cagle's, Inc., 488 F.3d at 953 ("[A]t the initial stage the district court's decision to certify a class is based primarily on pleadings and affidavits" and "the FLSA does not require potential class

members to hold identical positions"); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d at 1217 (explaining that to create "opt-in class" under § 216(b), plaintiffs need only show that their positions are similar "to the positions held by putative class members") (citation omitted).  With this legal framework in mind, the court now turns to plaintiff's motion to certify.

III.   Analysis

Plaintiff alleges that for three years prior to the filing of the instant complaint all of the employees of JKL and Johnny Kynard were subject to a common, impermissible payment policy and practice in that they were all paid on a flat per-day or per-week rate that did not take into account, in any manner, the number of hours worked within a work week.  Plaintiff's complaint alleges, in pertinent part, as follows:

> 8. Defendants' customary practice is to have employees work from roughly 5:00 a.m. until 6:15 p.m. with only a thirty minute break for lunch.
>
> 9. Defendants required all employees to meet at a specific location, at times, at roughly 5:00 a.m. Plaintiff and others similarly situated were not permitted to drive to the logging site of their own accord. They had to meet and get instructions at a central site. Defendant then transported employees to the logging site for the work day and drove all employees back to meeting spot at the end of the work day. These drives could last from one to two hours each way.
>
> 12. Throughout Plaintiff's employment, he regularly worked 20 to 25 hours of overtime per week.
>
> 13. Defendants have refused to pay Plaintiff as well as other employees who work for Defendants these overtime hours worked at the rate of 1.5 times their regularly hourly rate for hours worked over 40 in a work week.

(Doc. 8, ¶¶ 8, 9, 12, 13)

In support of the motion to certify, plaintiff has submitted the consents to opt-in from seventeen additional employees each claiming violations of FLSA wage and hour laws.  Plaintiff contends that each of these employees reported to work at the same central location and then

went to the same field to perform these logging duties.  Plaintiff further asserts that defendants had a policy of paying the loggers a flat daily rate which failed to take into account, in any way, the number of hours worked, in violation of the FLSA.   Although plaintiff concedes that "some employees have many different duties" he maintains that his job requirements and duties, as well as those of the potential plaintiffs, all involve the logging process and the cutting, gathering and delivery of timber for processing.  Further, plaintiff argues that  and that all of these employees were paid under the exact same system and in the same way that has resulted in unpaid overtime wages for time spent working.

 Defendants object to the motion on two grounds.  First, defendants argue that plaintiff is not similarly situated to other employees of JKL or Johnny Kynard.  Secondly, defendants argue that plaintiff has failed to show that there is a common factual or legal nexus between himself and the defendants' other employees.

*Similarly Situated*

In support of the motion to certify, plaintiff has submitted his own affidavit, as well as the affidavits of four other employees, Demtrius Thomas, Roderick Chambers, Lonnie Wilson and Tommy Boles.  (Doc. 34, Exhibits 2, 3; Doc. 35, Exhibits 3,4,5)  The affidavits of plaintiff and Thomas, which are identical, state that the defendants' employees were paid a daily rate and that no employees of the company were ever paid for any overtime work.  Chambers' affidavit attests that all employees worked in the "same general geographic area", within an hour radius of one another, that the defendants were aware that employees worked over forty hours per week and that it was a company policy to pay each employee a daily rate and that employees were expected to work overtime without any additional compensation.  Chambers further states that

defendants' employees were required to meet at central location to be taken to job site and while employees were given a thirty minute lunch break, they were often required to either work through lunch or complete tasks during this time. The affidavits of Wilson and Boles state that defendants were aware employees worked overtime hours, that the daily rate of pay did not account for the overtime and that employees were often required to work through lunch.

     Defendants argue that the affidavits submitted by plaintiff are insufficient to meet the similarly situated prong. Although defendants acknowledge that all of the employees are part of a logging operation, they maintain that each employee performs various job functions throughout the logging process and thus they are not similarly situated. In reply, plaintiff concedes that some employees may have different job titles. However, it is the substance of the work and not the classification that is controlling. See Brown v. Maximum Efficiency Squared, LLC, 2008 WL 1924983 (M. D. Ala., Apr 30, 2008) (plaintiffs and members of proposed class had a variety or job titles, work in the same location and subject to the same automatic deduction policy and similarly situated seeking to represent a class of employees who are owed overtime compensation because of Defendant's practice of automatically deducting thirty minutes of pay for lunch, regardless of whether the employees were able to take a thirty minute lunch break.)

     Defendants concede that the employees were paid at a flat rate, but contend that the rate was calculated to take into account the individual duties and seniority of each employee. In support of this argument defendants rely, in part, on Reed v. Mobile County School Sys., 246 F. Supp. 2d 1227, 1231 (S. D. Ala. 2003) [5] wherein the court denied the motion for conditional

---

[5] In Reed the court characterized plaintiffs' motion for certification as follows

In short, the plaintiffs seek to certify a collective action consisting largely if not

class certification at the notice stage when the proposed class was "all non-exempt employees of the defendant" who were owed overtime compensation. 246 F. Supp.2d at 1231.  The court in Reed found that the members of the proposed class were not linked by "any particular manner of overtime violation" but, rather, the plaintiffs "affirmatively intend[ed] to represent all employees owed overtime compensation regardless of how the failure to pay occurred." Id.  The court finds that Reed is easily distinguished from the instant case.  In Reed plaintiffs sought to represent all employees owed overtime compensation, regardless of how the violation occurred.  246 F. Supp. 2d at 1231.   To the contrary, in this case plaintiff seeks to represent a class of employees owed overtime because of defendants' practice of making employees work through lunch and paying employees a flat daily rate.

Upon consideration of the motion, the response and the reply, the court finds that plaintiff has met his burden of showing a "reasonable basis" for the claim of class-wide violation of the FLSA and has shown that a group of putative individuals exist who are similarly situated to plaintiff.  Although the potential plaintiffs may have different job titles the work defendants the Eleventh Circuit does not require that the positions be identical.  Moreover, the purported plaintiffs are similarly situated in that all state that they were paid a flat daily rate (which defendant concedes) regardless of the number of hours worked and while they were given a

---

> primarily of persons performing jobs the plaintiffs have never held, who have different responsibilities and different scheduled hours from the plaintiffs and each other, who work under different supervisors than and in remote locations from the plaintiffs and each other, and who have allegedly been denied overtime compensation for reasons different than the ones applicable to the plaintiffs and each other.

246 F. Supp. 2d at 1233.

thirty minute lunch break they often had to perform work related tasks during this time. For purposes of conditional certification at the notice stage of the inquiry, the court finds that there are potential class members who desire to opt-in as evidenced by the seventeen consents to become plaintiffs (doc. 32, Exhibit 2) and that these potential class members are similarly situated to plaintiff.

IV.     Motion for Judicial Intervention to Facilitate Class Notification

Plaintiff next seeks the court's assistance in facilitating class notification. Specifically, plaintiff requests that the Court to require the defendants to produce a list with the names and addresses of all current and former employees who worked for JKL or Johnny Kynard, who were paid a daily rate, and who were employed by defendants to engage in an activity related to the logging industry. Upon consideration, the motion to facilitate class notification is GRANTED.

Plaintiff also seeks court approval of the proposed "Notice of Plaintiff's Right to Opt-In to Collective Action against JKL". Plaintiffs argue that the court's approval of the notice will help ensure its accuracy, and its legitimacy to potential plaintiffs who may be uncertain of their rights under the FLSA or who fear retaliation by their employer. Defendants have lodged objections to the majority of the language in plaintiff's initial proposed notice. However, in his reply brief, plaintiff has submitted a revised notice which he maintains, for the most part, consents to the alternate language proposed by the defendants. (See doc. 35, Exhibit E). Upon review of the revised notice (doc. 35, Exhibit 6), the court notes that there remain portions to which defendants have interposed objection.[6] Accordingly, the parties are ORDERED to confer

---

[6] If defendants agree with plaintiff's revised notice (doc. 35, Exhibit 6) the parties are to re-submit that document entitled "Joint Proposed Notice" on or before **March 27, 2009.**

regarding the proposed class notice submitted by plaintiffs and attempt, in good faith, to agree to a jointly proposed notice. The jointly proposed notice should be submitted to the court on or before **March 27, 2009.** If the parties, after making a good faith effort, are unable to agree on the terms of the notice, competing proposals should be submitted to the court on or before **April 3, 2009.**

VI.     Conclusion

Based on the foregoing, plaintiff's motion for conditional class certification is GRANTED. Further, plaintiff's motion for judicial assistance to facilitate class notice is GRANTED. The parties are ORDERED to confer regarding the notice as set out herein.

DONE this the 20th day of February 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**